**FILED**

Sep 14 2020

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY      s/ vanessac      DEPUTY

1   Anton Ewing (NOT AN ATTORNEY)
    3077 B Clairemont Drive #372
2   San Diego, CA 92117

3

4   Plaintiff In *Pro Per*

5

6

7              **THE UNITED STATES FEDERAL DISTRICT COURT**

8                 **SOUTHERN DISTRICT OF CALIFORNIA**

9

10  Anton Ewing,                          ) Civil Case No. __'20CV1820 CAB NLS__
                                          )
11            Plaintiff,                   ) **INITIAL COMPLAINT**
                                          )     1. NEGLIGENT VIOLATIONS OF
12       vs.                               )        THE TELEPHONE
                                          )        CONSUMER PROTECTION
13                                         )        ACT [47 U.S.C §227 (b)]
                                          )     2. WILLFUL VIOLATIONS OF
14  DMJJ Construction Inc, a California    )        THE TELEPHONE
                                          )        CONSUMER PROTECTION
    corporation;                          )        ACT [47 U.S.C. §227(b)]
15                                         )     3. NEGLIGENT VIOLATIONS OF
    Jason Dovalina, an individual,        )        THE TELEPHONE
16                                         )        CONSUMER PROTECTION
              Defendants.                  )        ACT [47 U.S.C. §227 (c)]
17                                         )     4. WILLFUL VIOLATIONS OF
                                          )        THE TELEPHONE
18                                         )        CONSUMER PROTECTION
                                          )        ACT [47 U.S.C. §227(c)]
19                                         )     5. VIOLATION OF CALIFORNIA
20                                         )        INVASION OF PRIVACY
                                          )        ACT [PC §632.7 §637.2]
21                                         )
22                                         )
                                          )
23                                         )
                                          )
24                                         ) **JURY TRIAL REQUESTED**
                                          )
25                                         )

CV

Plaintiff Anton Ewing ("Plaintiff"), an individual, alleges the following upon information and belief based upon personal knowledge:

## I.  NATURE OF THE CASE

1.    On June 12, 2019, Jason Dovalina signed a settlement agreement with Plaintiff promising to never telemarketing Plaintiff ever again.  On September 10, 2020, Jason Dovalina, as Director and as an Executive Officers of DMJJ Construction, Inc, ordered Plaintiff to be telemarketed again.  Previous, in federal district court case number 19-cv-0910, Ewing vs. DMJJ, Plaintiff sued Defendant DMJJ for illegal telemarketing.  I paragraph 3 of the signed settlement agreement, Defendants agreed "DMJJ will not hire or pay third party telemarketers to call Ewing ever again."  Ewing has not changed his number since the agreement was signed.

2.    On or about June 1, 2020, the Southern District of California Federal District Court modified, amended and otherwise changed Civil Local Rule 83.4 to read as what is now Local Rule 2.1.

3.    In Local Rule 2.1 it states: "We-- judges, lawyers, court staff, parties—all have a responsibility in ensuring that we preserve the legacy of this institution by conducting ourselves according to the Golden Rule—to treat others as we ourselves would like to be treated."

4.    The federal judges of the Southern District stated in LR 2.1 that "[a]lthough adversarial, the experience does not have to, and should not, be antagonistic or hostile."  Name calling seems and appears to be antagonistic and hostile.  Plaintiff hopes that defendant's attorney will not engage in behavior that brings discredit to the Bar and the courts.

5.    Importantly, the federal judges of the Southern District went on to say, at LR

CV

2.1(a)(1), that "[c]ivility is paramount and not to be confused with weakness. Civility in action and words is fundamental to the effective and efficient functioning of our system of justice and public confidence in that system."

6.     Moreover, the federal judges of the Southern District went even further to say, in LR 2.1, that "[n]o one is above the law and, equally important, no one is entitled to act in such a way that erodes the public's trust in the administration of justice."

7.     The federal judges of the Southern District stated, at LR 2.1, that "[t]his court is committed to ensuring that all who work within it and come before it treat each other with decency, dignity, and respect."

8.     At LR 2.1(a)(3) the federal judges of the Southern District stated "[w]e expect lawyers to treat adverse witnesses, litigants and opposing counsel with courtesy, fairness and respect."

9.     Plaintiff is hopeful that "the court expects that all who practice in this court will adhere to this Code of Conduct in all of their interactions within the courts of this judicial district, in order to nurture, rather than tarnish, the practice of law."

10.     Plaintiff brings this action seeking damages and any other available legal or equitable remedies resulting from the illegal actions of DMJJ Construction Inc, a California corporation ("DMJJ") and its owner, officer, sole member and Manager, Jason Dovalina ("Jason Dovalina"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone and landline home phones in violation of the Telephone Consumer Protection Act, 47. U.S.C. § 227 et seq. ("TCPA") and related regulations, specifically the National Do-Not-Call provisions, thereby invading Plaintiff's privacy.  Further, Defendants each violated California's Invasion of Privacy Act (CIPA) by illegally recording the telemarketing calls they made to Plaintiff without disclosing that such calls were being recorded by Defendants, all in violation of PC §637.2 and PC §632.7.  This

case involves more than one call in violation of the TCPA and CIPA.

11.     DMJJ Construction Inc is the agent of Jason Dovalina because Jason Dovalina has directed and controlled said LLC, including the criminal acts violating 47 USC §501.

12.     Throughout the below listed paragraphs in this lawsuit, where the word "Defendants" is used and employed, it shall be and is intended to include Defendant Jason Dovalina as an individual as well as in his capacity as the sole member and manager of DMJJ Construction Inc  and Defendant DMJJ Construction Inc, a limited liability company as the alter ego of Jason Dovalina. DMJJ Construction Inc is both the alter ego of Jason Dovalina and the agent of Jason Dovalina.

13.     Plaintiff received the following calls to Plaintiff's cellular telephone of 619-719-9640 from Defendants or from Defendant's hired and controlled agents at the specific direction of Defendant DMJJ:

        a.  Originating Number 619-393-1764 on 09/10/2020 at 2:13 PM

        On each of the above listed calls, the telemarketing agents of Defendants stated that they were calling from DMJJ Capital and attempting to sell Plaintiff a roofing, windows and an AC unit.  On each call, the caller attempted to obtain Plaintiff's social security number or sent an email application thereafter in an attempt to obtain Plaintiff's social security number.

14.     Defendant Jason Dovalina ordered and overtly directed his third party telemarketing agents that he hired and paid to robocall Plaintiff.  Jason Dovalina knew he was using or directing the use of an ATDS and directed his telemarketing agents to use and employ an automatic telephone dialer to call Plaintiff repeatedly.

15.     Defendants have purposefully directed their activities into California by calling Plaintiff's 619 area code and by employing a web page that is able to be viewed California.

CV

## II.  JURISDICTION & VENUE

16.     Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff, a resident of California, seeks relief from the United States Federal District Court, Southern District of California.  For each TCPA subsection (b and c), Plaintiff also seeks up to $1,500.00 in damages for each call in violation of the TCPA, which, when all calls are added up, exceeds the threshold required for federal court jurisdiction.

17.     The Court has ancillary jurisdiction, in its discretion, over the attendant state law claims, including but not limited to California's Penal Code §637.2, *et seq*. and Civil Code §1770(a)(22)(A).

18.     This Court also has federal-question subject matter jurisdiction over the Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

19.     This Court has personal jurisdiction over Defendants DMJJ Construction Inc and Jason Dovalina because a substantial part of the wrongful acts alleged in this Complaint were committed in California and because DMJJ has significant contacts and assets in California.  For example, DMJJ Construction Inc and Jason Dovalina made illegal telemarketing robocalls to Mr. Ewing, with area code 619, while he was in California.   DMJJ Construction Inc and Jason Dovalina have also subjected themselves to personal jurisdiction in California because they are running and abetting said criminal operation.    See 47 USC §501. *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977). *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995).

20.     Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1391(b) and because Defendants do business within the State of California and Plaintiff resides within the County of San Diego.

CV

21.   Defendants have purposefully directed their activities into California and have thus enjoyed the benefits and protections of California law.

22.   The Ninth Circuit employs a three-part test to determine whether the defendant's contacts with the forum state are sufficient to subject it to specific jurisdiction. *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). Under the three-part inquiry, specific jurisdiction exists only if: (1) the out-of-state defendant purposefully availed itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of the forum's laws; (2) the cause of action arose out of the defendant's forum-related activities and (3) the exercise of jurisdiction is reasonable. *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1072 (9th Cir. 2001). The plaintiff bears the burden of satisfying the first two prongs of this specific jurisdiction test. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). "If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Id.*

### III.  PARTIES

23.   Plaintiff, Anton Ewing. ("Plaintiff"), is an individual and resident in California.

24.   Defendant DMJJ Construction Inc is a vociferous robo-dialing telemarketer, and is a "person" as defined by 47 U.S.C. § 153 (39).

25.   The above named Defendant DMJJ Construction Inc, and its subsidiaries and agents, as well as Jason Dovalina, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged

CV

herein.  Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

26.    Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants.  Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.  Defendants controlled every aspect of its agent's operations including the scripts to be read on each call and the fact that Defendant required its agent to record each telemarketing call.  DMJJ Construction Inc is and was, at all times relevant to this action, a knowingly and intentionally authorized and controlled agent of Jason Dovalina.

## VI.  FACTUAL ALLEGATIONS

27.    In the signed settlement agreement dated June 12, 2019, DMJJ and Dovalina promised, agreed and stipulated to the following:

  a.  "DMJJ admits and has independently verified that 619-719-9640 and 619-888-1296 are on the National Do Not Call registry;

  b.  "Mr. Ewing states that he has expressly informed DMJJ to never call him ever again and DMJJ confirms and acknowledges this fact as true and correct"

  c.  "DMJJ, or its officers, directors, employees or contracted agents will never contact Ewing ever again via email, telephone, robo-call, fax, letter, or any other method or manner of communication except through their counsel.  The telephone numbers covered by this agreement are: 619-719-9640, 619-347-0726, 619-888-1296, 858-333-1962 and 619-798-2016."

CV

d. "If DMJJ ever breaches this material provision then Ewing shall have the right to file a lawsuit against DMJJ and DMJJ hereby admits as true all the factual assertions contain herein above"

e. "Further, in any litigation over this above stated breach, DMJJ agrees, stipulates and warrants to fully reimburse Ewing's attorney fees, deposition costs, service of process costs, videographer costs, trial preparation costs, expert witness costs, costs of appeal and court filing fees related to said litigation"

f. "Additionally, if DMJJ ever contacts Ewing as indicated above, DMJJ waives any statute of limitations defense and waives any right to file a motion to dismiss, motion for summary judgment or anti-SLAPP motion in said litigation. This above paragraph controls over all other provisions of this agreement."

g. "Ewing will never have to pay DMJJ's attorney fees or costs."

h. "DMJJ hereby consents and stipulates to an injunction being entered against DMJJ in the Superior Court of California or Federal District Court enjoining it from calling Ewing ever again if it breaches this Agreement in the future."

i. "In any action brought by Ewing to enforce this agreement or any of its terms or conditions, then DMJJ agrees and shall reimburse Ewing for any and all legal fees, court costs, and discovery costs including depositions and video-depositions."

j. "DMJJ covenants, warrants and agrees to never call Anton Ewing ever again at the telephone numbers listed above"

k. "DMJJ will not sell, give, transfer to or provide Anton Ewing's telephone numbers (shown above) to any other person or entity to enable them to telemarket."

CV

28.     On or about December 26, 2018, Defendants contacted Plaintiff on Plaintiff's telephone number ending in -9640, in an attempt to solicit Plaintiff to purchase Defendant's construction products.  There was also a very distinct bubble popping sound at the beginning of the call that indicates an ATDS was used to initiate and dial Plaintiff's telephone number that is itself registered on www.donotcall.gov since 2012.

29.     Plaintiff is suing for all calls made by DMJJ.  That is because the settlement agreement provides that if they breach the agreement to never call ever again, then they will be liable for all prior calls.  That is why Plaintiff hereby alleges and asserts a cause of action for each call in 2018, each call in 2019 and each call in 2020.

30.     Defendant DMJJ Construction Inc, is a corporation formed in California on January 9, 2014 as Secretary of State ID number C3635070.

31.     Defendant DMJJ Construction Inc used a "Vicidial" ATDS system to robodial Plaintiff on Plaintiff's cell phone to sell Plaintiff a medical device.  DMJJ purchased, setup and activated the Vicidial system.

32.     Defendants are being sued for violating 47 USC §227(b)(1)(A), 47 USC §227(c)(5), California Civil Code[1] §1770(a)(22)(A) and PC §§632.7 and 637.2.

33.     Defendant DMJJ Construction Inc is located at 1230 N JEFFERSON ST UNIT J, Anahiem, CA 92807.

34.     Jason Dovalina is an officer of Defendant DMJJ Construction Inc

---

[1] Disseminating an unsolicited prerecorded message by telephone without an unrecorded, natural voice first informing the person answering the telephone of the name of the caller or the organization being represented, and either the address or the telephone number of the caller, and without obtaining the consent of that person to listen to the prerecorded message.

PLAINTIFF'S INITIAL COMPLAINT- 9

CV

35. Jason Dovalina is an owner of Defendant DMJJ Construction Inc

36. DMJJ Construction Inc does not have a California license to engage in the sale of home improvement products.

37. Defendant has failed to obtain a bond as required of all telemarketing organizations in California.

38. DMJJ Construction Inc is illegally doing business in California.

39. DMJJ Construction Inc has failed to register as a telemarketer in California with the California Department of Justice.

40. Defendant has failed to obtain a telemarketers bond in California as required by the California Department of Justice.

41. DMJJ Construction Inc exerts agency type control over their third party telemarketing lead source.

42. DMJJ Construction Inc requires its lead source to ask certain questions of the prospective clients before the lead source can transfer the call to DMJJ Construction Inc employees.

43. DMJJ Construction Inc began harassing Plaintiff on or about December 26, 2018 at which time Plaintiff expressly told Defendants to stop calling and to send a written copy of its Do Not Call policy.   Then Defendants called again and again over six more times.   None of the Defendants has sent a written copy of their do not call policy.

44. Plaintiff did not consent to, nor give permission for, the subsequent calls made by Defendants to Plaintiff.

45. Often telemarketers higher controlled third parties to do their initial illegal calling in violation of the TCPA. The initial lead source always plays coy and will not divulge who they are or who they are working for. That in and of itself is a violation of the FCC's Telemarketing Sales Rule and actionable under 47 USC §227(c)(5).

CV

46.     Further, consent to be telemarketed on the phone must be in writing and signed by the person called.  Plaintiff did not sign any consent to be called.  In fact, DMJJ and Dovalina signed an agreement to never call Plaintiff ever again.

47.     Defendant Jason Dovalina directly called Plaintiff on his DNC registered phone in violation of the TCPA.  That is a fact that will be proven at trial.

48.     The TCPA causes of action (47 USC §227(b) and (c)) filed herein for, *inter alia*, illegal telemarketing to Plaintiff's DNC registered cellular phone through the use of an ATDS is expressly alleged against Defendant DMJJ Construction Inc and Defendant Jason Dovalina.

49.     DMJJ Construction Inc has been illegally calling Mr. Ewing, without his consent, with autodialed and prerecorded calls ("robocalls") as well as "live-transfer" calls using an ATDS.  Mr. Ewing brings this action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), in hopes that an injunction and damages will encourage DMJJ Construction Inc and Jason Dovalina, to change their ways.  To be clear, Plaintiff is suing DMJJ Construction Inc and Jason Dovalina for the directly dialed calls and the calls made through their hired and controlled telemarketing call center agents.

50.     Jason Dovalina is conspiring with DMJJ Construction Inc to violate the TCPA and telemarketing California citizens and residents without advance written consent.

51.     Defendants used an "automatic telephone dialing system" as defined by 47 U.S.C. § 227(a)(1) to place its call to Plaintiff  seeking to solicit its lending services.

52.     Defendants both contacted or attempted to contact Plaintiff from telephone numbers confirmed to be Defendant Jason Dovalina's numbers.

53.     Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

CV

54.   During all relevant times, Defendants both did not possess Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an automatic telephone dialing system or an artificial or prerecorded voice on its cellular telephone pursuant to 47 U.S.C.§227(b)(1)(A).  At no time did Plaintiff provide, give or grant express written permission to be called nor to be robo-dialed by Defendants or its agents.

55.   Further, Plaintiff's cellular telephone number ending in -9640 was added to the National Do-Not-Call Registry on or about February 16, 2012.

56.   Defendants placed multiple calls soliciting its business to Plaintiff on his telephone ending in -9640.

57.   Such calls constitute solicitation calls pursuant to 47 C.F.R. § 64.1200(c)(2) as they were attempts to promote or sell Defendant's services.

58.   Plaintiff received numerous solicitation calls from Defendants within a 12-month period.

59.   Defendants continued to call Plaintiff on his telephone number -9640 in an attempt to solicit its services and in violation of the National Do-Not-Call provisions of the TCPA.

60.   Plaintiff was harmed by the acts of all defendants in at least the following ways: Defendants illegally contacted Plaintiff via his telephone for solicitation purposes, thereby invading the privacy of Plaintiff whose telephone number was on the National Do-Not-Call Registry.  Plaintiff was concretely damaged thereby.

61.   Plaintiff is suing as a person that received numerous solicitation calls from Defendants within a 12-month period, who had not granted Defendants prior express consent and did not have an established business relationship with Defendants.

62.   Defendants illegally recorded each telemarketing call that it made to Plaintiff in violation of California Penal Codes §632.7 and §637.2.  Defendants

CV

1   owe Plaintiff $5,000 for each and every illegally recorded call.

2   63.     The TCPA provides a private cause of action to persons who receive calls in

3   violation of § 227(b). 47 U.S.C. § 227(b)(3).

4   64.     The TCPA makes it unlawful to make telemarketing solicitations to

5   telephone numbers on the National Do Not Call Registry. 47 U.S.C. § 227(c); 47

6   C.F.R. § 64.1200(c)(2).

7   65.     The TCPA provides a private cause of action to persons who receive calls in

    violation of § 227(c). 47 U.S.C. § 227(c)(5).
8
    66.     47 USC §501 provides that it shall be unlawful to violate 47 USC §227(b).
9
    67.     The term ATDS[2] as used and mentioned herein is as defined by the TCPA
10
    and by the 9th Circuit Court of Appeals in the recent Marks vs. *Crunch San Diego,*
11
    *LLC* case.  D.C. No 14-cv-00348 BAS BLM.
12
    68.     DMJJ Construction Inc has an office located at 1230 N. Jefferson Ave, Unit
13
    J. Anaheim, CA 92807 and at 4175 E La Palma Ave, Ste 108, Anaheim, CA
14
    92807.
15
    ## V. STANDING
16
    69.     The court must evaluate lack of statutory standing under the Rule 12(b)(6)
17
    standard. *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011).  However,
18
    because Plaintiff is proceeding pro se, his complaint "must be held to less stringent
19
    standards than formal pleadings drafted by lawyers" and must be "liberally
20
    construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (reaffirming
21
    standard for pro se complaints post-*Twombly*). The Ninth Circuit has concluded
22

23
    [2] "we conclude that the statutory definition of ATDS includes a device that stores
24
    telephone numbers to be called, whether or not those numbers have been generated
25
    by a random or sequential number generator."

CV

that the court's treatment of pro se filings after *Twombly* and *Iqbal* remain the same and *pro se* pleadings must continue to be liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); see also *McGowan v. Hulick*, 612 F.3d 636, 640-42 (7th Cir. 2010); *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461-62 (5th Cir. 2010); *Harris v. Mills*, 572 F.3d 66, 71-72 (2d Cir. 2009) (noting that even following *Twombly* and *Iqbal*, "we remain obligated to construe a pro se complaint liberally").

70.     Standing is proper under Article III of the Constitution of the United States of America because Plaintiff's claims state:

71.     A valid injury in fact;

72.     which is traceable to the conduct of Defendants;

73.     and is likely to be redressed by a favorable judicial decision.  See, *Spokeo, Inc. v. Robins*, 578 U.S.____(2016) at 6, and *Lujan v. Defenders of Wildlife*, 504 U.S. 555 at 560.  In order to meet the standard laid out in *Spokeo* and *Lujan*, Plaintiff must clearly allege facts demonstrating all three prongs above.

**The "Injury in Fact" Prong**

74.     Plaintiff's injury in fact, must be both "concrete" and "particularized" in order to satisfy the requirements of Article III of the Constitution, as laid out in *Spokeo (*Id.).  For an injury to be "concrete," it must be a de facto injury, meaning that it actually exists.  In the present case, Plaintiff was called on his phone at least five times by all Defendants.  In fact, Plaintiff expressly informed all Defendants to cease and desist from all future telemarketing on the very first call.  Such calls are a nuisance, an invasion of privacy, and an expense to Plaintiff in multiple ways. *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012). Each Defendant's invasion of Plaintiff's right to privacy is further exacerbated by the fact that Plaintiff's phone number, at all times relevant to this litigation, was on the National Do-Not-Call Registry ( hereinafter, "DNC Registry").  As well, Plaintiff

CV

had no prior business relationship with Defendant Jason Dovalina prior to receiving the seriously harassing and annoying calls by DMJJ Construction Inc. All of Plaintiff's injuries are concrete and de facto. For an injury to be "particularized" means that the injury must "affect the plaintiff in a personal and individual way." *Spokeo, Inc. v. Robins,* 135 S.Ct. 1540, *578 U.S. ___ (2016)* at 14. In the instant case, it was Plaintiff's phone that was called and it was Plaintiff who answered the calls.  It was Plaintiff's personal privacy and peace that was invaded by both Defendant's persistent phone calls using an ATDS and a pre-recoded message, despite Plaintiff having no prior business relationship with either Defendant and Plaintiff's attempt to avoid the damage by registering his number on the DNC Registry.

### The "Traceable to the Conduct of Defendant" Prong

75.    The second prong required to establish standing at the pleadings phase is that Plaintiff must allege facts to show that their injury is traceable to the conduct of Defendants.  In the instant case, this prong is met by the fact that the calls to Plaintiff's cellular phone were placed either by Defendants directly, or by Defendant's agent at the express direction and control of all defendants.   See *Jones v. Royal Admin. Servs., 866 F.3d 1100 (9th Cir. 2017)* ten factor test from the 9th Circuit and Civil code §2307.

### The "Injury is Likely to be Redressed by a Favorable Judicial Opinion" Prong

76.    The third prong to establish standing at the pleadings phase requires Plaintiff to allege facts to show that the injury is likely to be redressed by a favorable judicial opinion. In the present case, Plaintiff's Prayers for Relief includes a request for damages for each call made by all defendants, as authorized by statute in 47 U.S.C. § 227. The statutory damages were set by Congress and specifically redress the financial damages suffered by Plaintiff.  Furthermore, Plaintiff's

CV

Prayers for Relief requests injunctive relief to restrain Defendants from the alleged abusive practices in the future. The award of monetary damages and the order for injunctive relief redress the injuries of the past and prevent further injury in the future. Because all standing requirements of Article III of the U.S. Constitution have been met, as laid out in *Spokeo, Inc. v. Robins*, 578 U.S. ___ (2016), Plaintiff has standing to sue all defendants on the stated claims.

77.    "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*. at 1548 (quoting *Lujan*, 504 U.S. at 560). The Supreme Court noted that concreteness is quite distinct from particularization. *Id*. An injury is "particularized" if it affects "the plaintiff in a personal and individual way." *Id*. In addition, for an injury to be "concrete", it must be "de facto," meaning that it is "real" and not "abstract." *Id*. However, an injury need not be "tangible" in order to be "concrete," and intangible injuries may constitute injury in fact. *Id*. at 1549. In order to determine whether an intangible harm constitutes injury in fact, *Spokeo* provided two factors to be considered: "history and the judgment of Congress." *Id*. at 1549. Specifically, "(1) whether the statutory violation bears a 'close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts,' and (2) congressional judgment in establishing the statutory right, including whether the statutory right is substantive or procedural." *Matera v. Google*, No. 15cv 4062-LHK, 2016 WL 5339806, at *9 (N.D. Cal. Sept. 23, 2016). *Spokeo* also held that "the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact." *Spokeo*, 136 S. Ct. at 1549. In such a case, a plaintiff "need not allege any additional harm beyond the one [the legislature] has identified." *Id*.

78.    Here, Plaintiff alleges that Defendant DMJJ Construction Inc contacted him

CV

using a "telephone dialing system." This is insufficient standing alone, but as in *Charkchyan* and *Kramer*, Plaintiff alleges sufficient additional facts. First, one of the calls is available to the Court as audio recordings of the person that initiated the calls. Second, the calls are solicitation advertisements: they advertise Defendant DMJJ Construction Inc's services for which Plaintiff has absolutely no use or interest. Third, Plaintiff declares that he has never heard of Defendant DMJJ Construction Inc, visited any location operated by said Defendant prior to the harassing and annoying calls, nor provided his cellular telephone number to Defendant DMJJ Construction Inc or consented to receive calls from Defendants. Plaintiff also has had no prior business relationship with Defendants. Plaintiff had no reason to be in contact with Defendant DMJJ Construction Inc nor has he ever purchased any kind of product or service that they are selling. Plaintiff's allegations are sufficient to establish that Defendants used an ATDS in sending their solicitation messages illegally and in direct violation of the TCPA.

79.     In Plaintiff's case, the allegations establish that he did not give prior express consent. He declared that he was "the regular user and subscriber to the cellular telephone number at issue." He also declared that he has "never heard of [Defendant], visited any location operated by [Defendant], provided [his] cellular telephone number to [Defendant] or consented to receive text messages from [Defendant]." As in *Charkchyan*, these allegations are sufficient to support Plaintiff's claims that he did not give prior express consent authorizing Defendants to send the solicitation messages, nor to use an ATDS.

80.     DMJJ breached its 6/12/2019 contract with Plaintiff.

## FIRST CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227(b).

CV

81.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-80.

82.     The foregoing acts and omissions of all defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(b), and in particular 47 U.S.C. § 227 (b)(1)(A).

83.     As a result of both Defendant's negligent violations of 47 U.S.C. § 227(b), Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227 (b)(3)(B).

84.     Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(b)**

85.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-80.

86.     The foregoing acts and omissions of all defendants, jointly and severally, constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(b), and in particular 47 U.S.C. § 227 (b)(1)(A).

87.     As a result of all Defendant's knowing and/or willful violations of 47 U.S.C. §227(b), Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. § 227(b) )(3)(C).

88.     Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

### THIRD CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act

89.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-80.

90.    The foregoing acts and omissions of all defendants, jointly and severally, constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one  of the above cited provisions of 47 U.S.C. § 227(c), and in particular 47 U.S.C. § 227 (c)(5).

91.    As a result of all Defendant's negligent violations of 47 U.S.C. § 227(c), Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B).

92.    Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

### FOURTH CAUSE OF ACTION

### Knowing and/or Willful Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227 et seq.

93.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-80.

94.    The foregoing acts and omissions of all defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(c), in particular 47 U.S.C. § 227 (c)(5).

95.    As a result of all Defendant's knowing and/or willful violations of 47 U.S.C. § 227(c), Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(c)(5).

CV

96.    Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## FIFTH CAUSE OF ACTION

### California Invasion of Privacy Act

### PC §632.7 and PC §6372

97.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-80.

98.    The foregoing acts and omission of all defendants constitute numerous and multiple knowing and/or willful violations of CIPA, including but not limited to each and every one of the above cited provisions of California Penal Code §632, §632.7 and §637.2

99.    As a result of all Defendant's knowing and willful violation of CIPA sections PC §632 et seq, including PC §632.7, Defendants both owe Plaintiff $5,000 per call.

100.    Plaintiff is also entitled to injunctive relief as expressly provided for within CIPA to prohibit all defendants from illegally recording calls to Plaintiff ever again.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against all defendants for the following:

## FIRST CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227(b)

- As a result of all Defendant's negligent violations of 47 U.S.C. §227(b)(1), Plaintiff is entitled to and request $500 in statutory damages, for

CV

each and every violation, pursuant to 47 U.S.C.  227(b)(3)(B).

- Any and all other relief that the Court deems just and proper.

### SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(b)**

- As a result of all Defendant's willful and/or knowing violations of 47 U.S.C. §227(b)(1), Plaintiff is entitled to and request treble damages, as provided by statute, up to$1,500, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. §227(b)(3)(C).

- Any and all other relief that the Court deems just and proper.

### THIRD CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act 47 U.S.C. §227(c)**

- As a result of all Defendant's negligent violations of 47 U.S.C. §227(c)(5), Plaintiff is entitled to and request $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C.  227(c)(5).

- Any and all other relief that the Court deems just and proper.

### FOURTH CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(c)**

- As a result of all Defendant's willful and/or knowing violations of 47 U.S.C. §227(c)(5), Plaintiff is entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. §227(c)(5).

CV

- Any and all other relief that the Court deems just and proper.

## FIFTH CAUSE OF ACTION

### California Invasion of Privacy Act

### PC §632.7 and PC §6372

- As a result of all Defendant's wrongful acts, $5,000 per call for each such call that was recorded without consent or disclose of such recording at the beginning of the calls that Defendants made to Plaintiff.

- Any and all other relief that the Court deems just and proper.

Respectfully Submitted this 11th day of September, 2020.

/S/ Anton Ewing

Anton Ewing, Plaintiff

CV

Exhibit A

**FILED**

May 14 2019

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ s/ aishahs _____ DEPUTY

1

2  Anton Ewing (*pro se*)
3  3077 Clairemont Drive #372
   San Diego, CA 92117
   anton@antonewing.com.
4  (619)719-9640

5  Plaintiff

6

7

8

9  ## THE UNITED STATES FEDERAL DISTRICT COURT

10

11  ## SOUTHERN DISTRICT OF CALIFORNIA

12

13  Anton Ewing, an individual,                     ) Civil Case No.:  **'19CV910  GPC MDD**

14                                                  )
                     Plaintiff,                     ) **COMPLAINT**
15                                                  )

16          vs.                                     )

17                                                  ) **TCPA 47 USC §227(b)(1)(A)**
    DMJJ Construction, Inc, a California            )
18  corporation                                     ) **TCPA 47 USC §227(c)(5)**

19                                                  )

20                     Defendant.                   )

21                                                  )

22  _____ )

23      Plaintiff Anton Ewing ("Plaintiff"), complains against Defendant DMJJ

24  Construction, Inc ("DMJJ") and alleges as follows:

25

## I.    INTRODUCTION

1.    DMJJ began harassing Plaintiff in December 2018.  As this Court knows,

Plaintiff can be very vocal toward telemarketers and this one was memorable.  To

PLAINTIFF'S INITIAL COMPLAINT  - 1

put it mildly, Plaintiff *went off* on Defendant back on December 26, 2018 and was very clear about never telemarketing him ever again.  Then Defendant sent a spam text message but it was disguised and there was no way of tracing it absent a subpoena.  But a subpoena requires an active case and discovery must be opened after the Rule 26f conference which is not until 21 days prior to the ENE.  Sure enough though, Defendant decided, wrongly, to call again and again.  On the next call the Defendant actually admitted sending the spam text.  Plaintiff responded to the text that Defendant sent on May 7, 2019 from 760-338-7284, with a string of explicatives to make sure they understood.  They did not get the hint.  Defendant called again.

2.      Defendant directly called Plaintiff on his DNC registered cell phone in violation of the TCPA.

3.      The TCPA causes of action (47 USC §227(b) and (c)) filed herein for, *inter alia*, illegal telemarketing to Plaintiff's DNC registered cellular phone and home phone through the use of an ATDS is expressly alleged against Defendant DMJJ Construction, Inc.

4.      DMJJ Construction, Inc has been illegally calling Mr. Ewing, without his consent, with autodialed and prerecorded calls ("robocalls") as well as "live-transfer" calls using an ATDS.  Mr. Ewing brings this action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), in hopes that an injunction

PLAINTIFF'S INITIAL COMPLAINT - 2

and damages will encourage DMJJ Construction, Inc, to change their ways.  To be clear, Plaintiff is suing DMJJ for the directly dialed calls.  There were other calls through lead generators but this lawsuit is for the direct autodialed calls.

## II. PARTIES

5.      Plaintiff Anton Ewing is a citizen of California who conducts business in California, in this District.

6.      Defendant DMJJ Construction, Inc, a California corporation with its corporate office in Anaheim, California, and is registered in and doing business in California including San Diego County.

## III. JURISDICTION AND VENUE

7.      This Court has federal-question subject matter jurisdiction over the Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

8.      This Court has personal jurisdiction over DMJJ CONSTRUCTION, INC because a substantial part of the wrongful acts alleged in this Complaint were committed in California. For example, DMJJ CONSTRUCTION, INC made illegal telemarketing robocalls to Mr. Ewing, while he was in California.   DMJJ Construction, Inc has also subjected themselves to personal jurisdiction in California because they are running and abetting said criminal operation.  It is a crime to violate 47 USC §501 by violating 47 USC §227(b).  DMJJ Construction,

PLAINTIFF'S INITIAL COMPLAINT - 3

Inc through their dba's and agents, initiated the primary telemarketing calls to Plaintiff and then sold, transferred and provided the lead to DMJJ Construction, Inc marketers and others within the organization in a knowingly illegal manner.

9.      Plaintiff was called on cell phone of 619-719-9640 by DMJJ Construction, Inc. Plaintiff was called multiple times beginning on or about December 2018, from 714-594-7318 and 657-331-2263, numbers owned, used and controlled by DMJJ Construction, Inc and its agents, with a prerecorded message which then transferred to a live human. The initial part of the call was a pre-recorded message. After many personal questions were asked and answered, the call was transferred to another DMJJ Construction, Inc person who repeated the same questions.   Defendant's employee asked is Plaintiff was interested in artificial turf.

10.     Plaintiff has expressly stated exactly what phone number Defendant used to call Plaintiff, as well as an exact date of one of the calls, to which number the calls were made, what was said on the call and that the call was made with an ATDS and prerecorded message. All of this meets the particularity requirements for a cause of action.

11.     Plaintiff's phone number is not a business phone.

12.     Plaintiff's phone is registered on www.donotcall.gov and was done so more than 31 days prior to the first call.

13.     Defendant called Plaintiff on May 13, 2019 from 657-331-2263 at 6:07PM

## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE

This CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE (the "Agreement") is made and entered into as of June 12, 2019 (the "Effective Date"), by and between Anton Ewing ("Ewing") on the one hand, and, _Jason Develina_ and DMJJ Construction, Inc. (collectively "DMJJ") on the other hand. Collectively, Anton Ewing and "DMJJ" are referred to herein as the "Parties" and are the signing parties to this Agreement.

## RECITALS

**WHEREAS,** in 2019, Mr. Ewing claims to have received multiple telephone calls on his cellular telephone from DMJJ and its alleged agents;

**WHEREAS,** DMJJ does NOT admit to any wrongdoing or other unlawful act;

**WHEREAS,** Mr. Ewing states that his personal cellular phone is protected by the National Do Not Call list and that there is no prior business relationship with DMJJ;

**WHEREAS,** DMJJ admits and has independently verified that 619-719-9640 and 619-888-1296 are on the National Do Not Call registry;

**WHEREAS,** Mr. Ewing states that he has expressly informed DMJJ to never call him ever again and DMJJ confirms and acknowledges this fact as true and correct;

**WHEREAS,** shortly after receiving the call, Mr. Ewing contacted DMJJ representatives to discuss a potential class action lawsuit against DMJJ. Mr. Ewing made allegations of violations of California's Invasion of Privacy Act, Cal. Pen. Code §§ 630-638, the Telephone Consumer Protection Act, 47 U.S.C. §227, that DMJJ and/or its agents made phone calls to his cellular telephone in violation of federal or state law, and that DMJJ illegally obtained his information (the "Allegations");

Page 1 of 9



**WHEREAS,** the Parties desire to compromise and settle any and all claims by Mr. Ewing personally that were or might have been asserted in the Allegations (the "Dispute"), solely to avoid the expense of pursuing protracted domestic and international investigations, discovery, and litigation, and without any admission of liability or fault;

**THEREFORE**, in consideration of and in reliance upon only the respective representations, covenants, terms and conditions contained herein, as well as other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

## AGREEMENT

1.      **Recitals.** Each of the foregoing recitals constitutes a substantive provision of this Agreement and is incorporated into, and made a part of, the Parties' Agreement.

2.      **Payment to Mr. Ewing.** In full and final settlement of all claims that were or might have been asserted by Mr. Ewing in the Allegations, the total consideration tendered by DMJJ to Mr. Ewing pursuant to this Agreement shall ▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨ ▨▨▨▨▨▨) (the "Settlement Payment"). DMJJ shall cause the Settlement Payment to be tendered via check and delivered to Anton Ewing commencing within 14 days days following execution of this Agreement at 3077 Clairemont Drive #372, San Diego, CA 92117. **The payment will be** ▨▨▨▨▨▨▨**s. Th**▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨**econd o**▨▨▨▨▨▨▨**e sent within 20 d**▨▨▨▨▨▨**ate.** Mr. Ewing will not provide DMJJ with his social security number. DMJJ will not issue any 1099 to Mr. Ewing's social security number. Each party is responsible for their own tax obligations. DMJJ warrants that it does not have Mr. Ewing's social security number and will not attempt to obtain the same at any time. DMJJ will provide complete, full and accurate contact information for the lead broker or lead agent that provided Ewing's phone to DMJJ, including all emails and contracts, all within 10 days from the



date of this Agreement.

3. **Warranties and Representations.** Each Party represents and warrants to the other Party that the Party executing this Agreement: has all requisite power and authority to execute and deliver this Agreement on behalf of such Party; has had full and ample opportunity to conduct any and all required due diligence or investigation with respect to all pertinent matters; and has been advised by legal counsel with respect to the subject matter of the Lawsuit, this Agreement, and their attendant risks and benefits. The parties acknowledge that Mr. Ewing has been called by several other companies or entities, not related to the Allegations or to the DMJJ Releasees, in violation of federal and state law and that none of those other telemarketers or illegal recorders of telephone calls are part of this agreement. DMJJ will not hire or pay third party telemarketers to call Ewing ever again.

A. DMJJ, or its officers, directors, employees or contracted agents will never contact Ewing ever again via email, telephone, robo-call, fax, letter, or any other method or manner of communication except through their counsel. The telephone numbers covered by this agreement are: 619-719-9640, 619-347-0726, 619-888-1296, 858-333-1962 and 619-798-2016. If DMJJ ever breaches this material provision then Ewing shall have the right to file a lawsuit against DMJJ and DMJJ hereby admits as true all the factual assertions contain herein above. Further, in any litigation over this above stated breach, DMJJ agrees, stipulates and warrants to fully reimburse Ewing's attorney fees, deposition costs, service of process costs, videographer costs, trial preparation costs, expert witness costs, costs of appeal and court filing fees related to said litigation. Additionally, if DMJJ ever contacts Ewing as indicated above, DMJJ waives any statute of limitations defense and waives any right to file a motion to dismiss, motion for summary judgment or anti-SLAPP motion in said litigation. This above paragraph controls over all other provisions of this agreement. Ewing will never have to pay DMJJ's attorney fees or costs. Additionally, DMJJ hereby consents and

Page 3 of 9



stipulates to an injunction being entered against DMJJ in the Superior Court of California or Federal District Court enjoining it from calling Ewing ever again if it breaches this Agreement in the future. In any action brought by Ewing to enforce this agreement or any of its terms or conditions, then DMJJ agrees and shall reimburse Ewing for any and all legal fees, court costs, and discovery costs including depositions and video-depositions. DMJJ covenants, warrants and agrees to never call Anton Ewing ever again at the telephone numbers listed above. This provision overrides any contrary state law. The intent of this paragraph is to ensure that Ewing does not have to incur any legal fees when suing for a future telemarketing call. DMJJ will not sell, give, transfer to or provide Anton Ewing's telephone numbers (shown above) to any other person or entity to enable them to telemarket.

C. DMJJ agrees, warrants and stipulates that it will never publish any derogatory or defamatory information about or regarding Ewing in the internet or in any newspaper, magazine or other written publication or web page.

4. **Release of DMJJ.** Except as otherwise provided herein, Mr. Ewing, his affiliates, insurers, employees, agents, attorneys, representatives, successors, and assigns, hereby completely and irrevocably releases DMJJ, together with DMJJ's parents, predecessors-in-interest, affiliates, subsidiaries, insurers, officers, directors, shareholders, employees, successors, and assigns (collectively, the "DMJJ Releasees"), from any and all past, present or future causes of action, claims, demands, obligations, liabilities, expenses, damages, costs, or losses, of whatever kind or nature, in law or equity, in tort or in contract, suspected to exist or not suspected to exist, anticipated or not anticipated, known or unknown, which have arisen, from the beginning of time to the Effective Date of this Agreement, that were or might have been asserted in the Allegations. Without limitation, Mr. Ewing hereby completely and irrevocably releases the DMJJ Releasees from any and all claims that were or could have been made pursuant to the California's Invasion of Privacy Act, Cal. Pen. Code §§ 630-638, Public Utility Code §2873 and the Telephone Consumer Protection Act, 47 U.S.C. §227.

Page 4 of 9



A. As a material inducement for DMJJ to enter into this Agreement, Mr. Ewing and DMJJ hereby waive all rights under Section 1542 of the California Civil Code with respect to Releasees. Mr. Ewing acknowledges that he is familiar with, and understands, the provisions of Section 1542 and its operation, and that, as appropriate, each has had the opportunity to consult with legal counsel regarding the provisions and operation of Section 1542. Section 1542 provides as follows:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

B. Mr. Ewing and DMJJ further acknowledge that, as evidenced by the signatures below, each has read all of this Agreement (including the section of the Civil Code cited above), that each fully understands the Agreement and waiver of rights set forth in Sections 4 and 4(A) of this Agreement.

5. **Covenant Not to Sue and Future Obligations**. Mr. Ewing hereby covenants that he shall not commence or maintain (whether in a person, entity, or in a class capacity) any suit against the DMJJ Releasees based upon the facts that were or could have been alleged in the Allegations, whether at law or in equity. Mr. Ewing, however, may respond to a valid and legally enforceable subpoena or other discovery request in the most limited manner required by such subpoena or request, provided that DMJJ is provided with notice of such subpoena or discovery request. Mr. Ewing may freely release any information needed to rebut or defend against any accusation of vexatious litigant status. DMJJ promises to never disparage Ewing.

6. **No Admission of Liability**. Except as otherwise provide above regarding a breach of this Agreement, nothing in this Agreement is or shall be construed as an admission of liability

Page 5 of 9

with respect to any matter released hereby by any of the Parties named herein, and any such alleged liability is expressly denied. This Agreement is a compromise of disputed claims and is entered into knowingly and voluntarily by the Parties for the sole purpose of settling the Dispute without incurring costs related to protracted investigation, discovery and litigation. Without limiting the generality of the foregoing, the Parties acknowledge and agree that neither this Agreement nor anything contained herein shall be admissible in connection with any subsequent litigation arising out of or related to the Allegations (except as may be necessary for the enforcement of this Agreement).

7.  **Confidentiality and Non-Disclosure.** The Parties acknowledge and understand that, other than an acknowledgement or statement that the Dispute has settled, they may not discuss or disclose this Agreement or its terms and conditions, including the settlement amount, except:

      **(a)**    As required by a court order;

      **(b)**    as required to enforce this Agreement;

      **(c)**    as a defense to an action to enforce this Agreement;

      **(d)**    to such Party's attorneys, employees, tax advisors and/or financial professionals;

      **(e)**    to any applicable taxing authority;

      **(f)**    as part of any disclosures made pursuant to state or federal securities laws; and

      **(g)**    to any statutory or contractual lienholder, insurer or subrogor.

If any third party, including any employee thereof, judicial or administrative officer or otherwise, seeks to obtain this Agreement, the terms thereof, or documents, discussions, and/or information relating to the Agreement, and/or the Dispute settled by the Agreement, the Parties shall object and resist providing any such documents or information. If the Parties are compelled to disclose, publish, publicize or disseminate in any way the contents of the Agreement as a result



of the matters set forth in the provisions above, the party receiving the request shall, to the extent reasonably possible, provide notice to the other as quickly as possible, so that the other party may make any objections, motions, filings or other actions to prevent such disclosure, publication or dissemination.

     **8.**    **Choice of Law.**  This Agreement is governed by, and shall be construed in accordance with, the laws of the State of California, without regard to any conflicts of laws provisions. The parties agree that the choice of California law is reasonable and appropriate. The parties agree and stipulate that only California is the proper jurisdiction and San Diego County the only proper venue for this entire matter or any future litigation between the parties or their successors.

     **9.**    **Successors and Assigns.** The provisions of this Agreement shall be binding upon and inure to the benefit of the Parties to this Agreement and their respective successors and assigns as well as any company or corporation that DMJJ sets up in the future.

     **10.**    **Survivability.** It is understood and agreed that if any term or provision of this Agreement, or any application of any term or provision to any person, entity, circumstance, or situation, is to any extent invalid or unenforceable, the remainder of this Agreement, and the application of such term or provision to any other person, entity, circumstance, or situation, shall not be invalidated or made unenforceable thereby. Any such invalid portion shall be deemed severable. It is the Parties' intent to have each term and provision of this Agreement be valid and enforceable to the fullest extent and with respect to all persons, entities, circumstances, and situations permitted by law and equity. This Agreement is exempt from bankruptcy protection and shall not be a part of any DMJJ bankruptcy filing nor stayed in bankruptcy.

     **11.**    **Integration.** Each Party acknowledges and agrees that this Agreement is a full, arms-length, final and complete settlement of all matters contained herein. This Agreement may

be modified, amended or changed only by an agreement in writing signed by authorized representatives of all of the Parties. Each Party represents and warrants that this Agreement is made and executed by such Party upon its own free will and upon advice of counsel of its own choosing. No Party has been influenced, coerced or induced to enter into this Agreement. Each Party further acknowledges and agrees that: this Agreement represents a full and final integration and this Agreement constitutes the entire agreement between the Parties relating to the subject matter reflected herein.

**12.     Joint Draftsmanship.** Counsel for the Parties jointly negotiated this Agreement and it shall be construed accordingly. The terms of this Agreement shall not be presumptively construed against any of the Parties or be otherwise subject to the doctrine of contra proferentem.

**12.     Counterparts.** This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same Agreement. This Agreement shall be effective and finally executed when identical counterparts, which when taken together bear the signatures of all Parties, have been delivered to counsel or representatives for all the Parties, either by e-mail, facsimile or overnight delivery service. Copies of all or part of this Agreement, including signatures thereto, which are transmitted by facsimile or by e-mail in .pdf or other electronic format, shall be presumed valid. The Parties agree that this Agreement may be transmitted by facsimile, electronic mail, or such similar device, and that the reproduction of signatures by facsimile, electronic mail, or such similar device will be treated as binding as if originals.

Page 8 of 9



15.  **Further Assurances.** The Parties shall execute, deliver and perform or cause to be executed, delivered and performed any and all such further acts, deeds and assurances as may be reasonably required in order to fully carry out the terms of this Agreement.

Each Party has caused this Agreement to be executed on its respective behalf, as of the date written below.

Dated: June 12, 2019

_____

Anton Ewing

DMJJ Construction, Inc.

Dated: June 12, 2019

_____

By: _____

___, CEO

Dated: June 12, 2019

_____

an individual



# Exhibit B

1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                 SOUTHERN DISTRICT OF CALIFORNIA
10
11   ANTON EWING, et al.,                    Case No.:  18cv1455-LAB (JLB)
12                            Plaintiff,
                                            **FINDINGS AND ADMONITION**
13   v.                                      **TO PLAINTIFF**
14   OASIS MEDIA, LLC, et al.,
15                            Defendant.
16

17          After affording Plaintiffs Anton Ewing notice and an opportunity to be heard,

18   the Court found that although he had been repeatedly ordered to obey Civil Local

19   Rule 83.4 (concerning civility and professionalism), he repeatedly violated this rule.

20   Ewing was discourteous and unprofessional when communicating with opposing

21   parties and counsel; he disparaged their intelligence, ethics, and behavior; and he

22   acted in a manner detrimental to the proper functioning of the judicial system.

23          Although Ewing has usually proceeded *pro se*, he is a frequent litigant, and

24   represents to the Court that he has a J.D. from the University of Arizona College

25   of Law. Despite his having legal training, the Court has repeatedly had to remind

26   or order him to familiarize himself with various rules and to obey them.  He is not

27   in the same category as ordinary civil litigants whose unfamiliarity with applicable

28   rules is more excusable. *See Doe v. City of Los Angeles*, 2013 WL 6019121, at

1

1   *15 (C.D. Cal., Nov. 13, 2013); *Phillips v. KIRO-TV, Inc.*, 817 F. Supp. 2d 1317,

2   1323 (W.D. Wash., 2011). Although Civil Local Rule 83.4 refers to the duties of

3   attorneys, Ewing must treat it as applicable to him. He is **ORDERED** to read and

4   obey it. He is also **ORDERED** to read and obey Fed. R. Civ. P. 11.

5       Specifically, Ewing is **ORDERED** to be courteous and civil in all

6   communications with opposing counsel, parties, and third parties and to refrain

7   from disparaging their intelligence, ethics, or behavior. This includes making

8   accusations for improper purposes (such as to harass, delay, or embarrass) or

9   making any accusation without first confirming that it is accurate and supported by

10   evidence. *See* Fed. R. Civ. P. 11(b)(1) and (3). In filings in this Court, he is

11   **ORDERED** not to attach or quote from private correspondence or other private

12   communications (including letters, emails, texts, or phone calls) between himself

13   and other parties or counsel, except as specifically authorized under applicable

14   rules or laws, or permitted by judicial officers of the Court. He is **ORDERED** to

15   refrain from making misrepresentations to opposing counsel or parties.

16       Several documents Ewing provided to the Court showed that he misleadingly

17   used the designation "JD" after his name, followed by a disclaimer mentioning

18   privilege and confidentiality, and citing legal authority.[1] At the hearing, Ewing

19   represented to the Court that he had stopped using this designation and would not

20   resume doing so, and the Court takes him at his word. When communicating with

21   counsel, parties, or third parties in connection with litigation, Ewing is **ORDERED**

22

23

_____

24   [1] Ewing offered the explanation that this was appropriate for his work as a tax

25   preparer. But the communications had nothing to do with tax preparation. In

26   context, this was likely to mislead recipients, especially non-lawyers, into believing

    he was a lawyer. In one particularly egregious example, he did this when

27   discussing settlement with a non-lawyer. He inaccurately said the case was over

28   and had been resolved in his favor, apparently to convince his opponent to make

    a quick payment.

1   not use the designation "JD" after his name or otherwise suggest that he is an
2   attorney.
3          For a period of 36 months from the date this order is issued, Ewing must file
4   a copy of this order along with any new pro se pleading he files in this District.
5
6          **IT IS SO ORDERED**.
7   Dated:  May 29, 2019
8
9                                        Hon. Larry Alan Burns
10                                       Chief United States District Judge
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

3

# Exhibit C



HOME IMPROVEMENT CONTRACT

CA CSLB License No. 993830 (B) General Building Contractor

**ADVANCED**

*Main:* 1230 N. Jefferson Ave Unit J
Anaheim, CA 92807
**Customer Satisfaction Hotline**
**(657) 331-2260**
**24/7**

| Owner's Name: | Owner's Address: | | |
|---|---|---|---|
| Owner's City, State, Zip: | Owner's Phone: | Owner's Alt. Phone: | |
| Project Name & Address: | | | Email: |

DMJJ Construction Inc. dba Advanced Home Energy Solutions, hereinafter referred to as "Contractor", will furnish all materials and labor necessary to improve the above premises.

**a. Description of the Work & of the Materials Used: (May Be Continued on Page 3)**

**b. Contract Price:** Contractor proposes to perform the above work, (subject to any additions and/or deductions pursuant to authorized change orders), for the...

**THE DOWN PAYMENT MAY NOT EXCEED $1,000 OR 10 PERCENT OF THE CONTRACT PRICE, WHICHEVER IS LESS.**

Total Sum of $_____   Down Payment $_____

**c. Schedule of Progress Payments:**   *Payment Terms:*   ◯ **CASH**   ◯ **CREDIT**   ◯ **CREDIT CARD**   ◯ **SEE ATTACHED SHEET**

If this is a CREDIT TRANSACTION the Lending Company is _____ and the agreement for credit will be emailed directly from the Lending Company. If this is a cash transaction, the Down Payment is due upon signing of this agreement and remaining payment(s) shall be paid as follows:

**Progress Payment** (due _____ ) $_____   Balance due at job completion $_____

Final payment is due at completion of work. Owner agrees not to withhold payment pending any Permit Inspection. X_____ X_____

**The schedule of progress payments must specifically describe each phase of work, including the type and amount of work or services scheduled to be supplied in each phase, along with the amount of each proposed progress payment. IT IS AGAINST THE LAW FOR A CONTRACTOR TO COLLECT PAYMENT FOR WORK NOT YET COMPLETED, OR FOR MATERIALS NOT YET DELIVERED. HOWEVER, A CONTRACTOR MAY REQUIRE A DOWNPAYMENT.**

**d. Commencement and Completion of Work:** Substantial commencement of work shall mean either the physical delivery of materials onto the premises or the performance of any labor and shall be subject to any permissible delays as per provision (5) on the reverse side.

**Approximate Start Date:** _____   **Approximate Completion Date:** _____

**e. List of Documents to be Incorporated into the Contract:**

**f. Additional Provisions and Notices:** Additional Provisions and Notices Of This Contract Are On The Reverse Side And May Be Continued On Subsequent Pages. A notice concerning commercial general liability insurance is attached to this contract. A notice concerning workers' compensation insurance is attached to this contract.

**g. Acceptance:** This contract is approved and accepted. As described in provision (1) on page two, this contract is subject to approval by Contractor who may cancel after refunding any down payment. I (we) understand there are no oral agreements or understandings between the parties. The written terms, provisions, plans (if any), specifications and any other contract documents (if any) included with this contract is the entire agreement between the parties. Changes in this agreement shall be done by written and approved change order only.

# Exhibit D



**Secretary of State**
**Statement of Information**
(California Stock, Agricultural
Cooperative and Foreign Corporations)

**SI-550**

24

19-705801

**FILED**
Secretary of State
State of California

**JUN 17 2019**

NR
*This Space For Office Use Only*

**IMPORTANT** — Read instructions **before** completing this form.

**Fees (Filing plus Disclosure) – $25.00;**

**Copy Fees –** First page $1.00; each attachment page $0.50;
Certification Fee - $5.00 plus copy fees

**1. Corporation Name** (Enter the exact name of the corporation as it is recorded with the California Secretary of State. Note: If you registered in California using an assumed name, see instructions.)

DMJJ CONSTRUCTION, INC.

**2. 7-Digit Secretary of State File Number**

C3635070

**3. Business Addresses**

| a. Street Address of Principal Executive Office - Do not list a P.O. Box | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| 1230 N JEFFERSON ST UNIT J, | ANAHEIM | CA | 92807 |

| b. Mailing Address of Corporation, if different than Item 3a | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| | | | |

| c. Street Address of Principal California Office, if any and if different than Item 3a - Do not list a P.O. Box | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| | | CA | |

**4. Officers**  The Corporation is required to list all three of the officers set forth below. An additional title for the Chief Executive Officer and Chief Financial Officer may be added; however, the preprinted titles on this form must not be altered.

| a. Chief Executive Officer/ | First Name | Middle Name | Last Name | | | Suffix |
|---|---|---|---|---|---|---|
| DAVID | | | RIES | | | |

| Address | | City (no abbreviations) | State | Zip Code |
|---|---|---|---|---|
| 1230 N JEFFERSON ST UNIT J, | | ANAHEIM | CA | 92807 |

| b. Secretary | First Name | Middle Name | Last Name | | | Suffix |
|---|---|---|---|---|---|---|
| JOHN | | C. | FITZMAURICE | | | |

| Address | | City (no abbreviations) | State | Zip Code |
|---|---|---|---|---|
| 1230 N JEFFERSON ST UNIT J, | | ANAHEIM | CA | 92807 |

| c. Chief Financial Officer/ | First Name | Middle Name | Last Name | | | Suffix |
|---|---|---|---|---|---|---|
| JASON | | D. | DOVALINA | | | |

| Address | | City (no abbreviations) | State | Zip Code |
|---|---|---|---|---|
| 1230 N JEFFERSON ST UNIT J, | | ANAHEIM | CA | 92807 |

**5. Director(s)**  California Stock and Agricultural Cooperative Corporations ONLY: Item 5a: At least one name **and** address must be listed. If the Corporation has additional directors, enter the name(s) and addresses on Form SI-550A (see instructions).

| a. First Name | Middle Name | Last Name | | | Suffix |
|---|---|---|---|---|---|
| DAVID | | RIES | | | |

| Address | | City (no abbreviations) | State | Zip Code |
|---|---|---|---|---|
| 1230 N JEFFERSON ST UNIT J, | | ANAHEIM | CA | 92807 |

| b. Number of Vacancies on the Board of Directors, if any | |
|---|---|
| | |

**6. Service of Process** (Must provide either Individual OR Corporation.)

**INDIVIDUAL** – Complete Items 6a and 6b only. Must include agent's full name and California street address.

| a. California Agent's First Name (if agent is not a corporation) | Middle Name | Last Name | | Suffix |
|---|---|---|---|---|
| RICK | R. | EMMETT | | |

| b. Street Address (if agent is not a corporation) - Do not enter a P.O. Box | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| 300 S. HARBOR BLVD STE 1000 | ANAHEIM | CA | 92805 |

**CORPORATION** – Complete Item 6c only. Only include the name of the registered agent Corporation.

| c. California Registered Corporate Agent's Name (if agent is a corporation) – Do not complete Item 6a or 6b |
|---|
| |

**7. Type of Business**

Describe the type of business or services of the Corporation
Home Improvement contracting and sales

**8. The information contained herein, including in any attachments, is true and correct.**

| 5/23/2019 | RICK R. EMMETT | Advisor | |
|---|---|---|---|
| Date | Type or Print Name of Person Completing the Form | Title | Signature |

SI-550 (REV 01/2017)

1/2

2017 California Secretary of State
www.sos.ca.gov/business/be

**Attachment to**
**Statement of Information**
(California Stock and Agricultural
Cooperative Corporations)

| SI-550A |
| Attachment |

19-705801

**A. Corporation Name**

DMJJ CONSTRUCTION, INC.

**B. 7-Digit Secretary of State File Number**

C3635070

This Space For Office Use Only

**C. List of Additional Director(s) –** If the corporation has more than one director, enter the additional directors' names and addresses.

| 5b. First Name | Middle Name | Last Name | | | Suffix |
|---|---|---|---|---|---|
| JASON | D. | DOVALINA | | | |
| Address | City (no abbreviations) | | | State | Zip Code |
| 1230 N JEFFERSON ST UNIT J, | ANAHEIM | | | CA | 92807 |
| 5c. First Name | Middle Name | Last Name | | | Suffix |
| JOHN | C. | FITZMAURICE | | | |
| Address | City (no abbreviations) | | | State | Zip Code |
| 1230 N JEFFERSON ST UNIT J, | ANAHEIM | | | CA | 92807 |
| 5d. First Name | Middle Name | Last Name | | | Suffix |
| | | | | | |
| Address | City (no abbreviations) | | | State | Zip Code |
| | | | | | |
| 5e. First Name | Middle Name | Last Name | | | Suffix |
| | | | | | |
| Address | City (no abbreviations) | | | State | Zip Code |
| | | | | | |
| 5f. First Name | Middle Name | Last Name | | | Suffix |
| | | | | | |
| Address | City (no abbreviations) | | | State | Zip Code |
| | | | | | |
| 5g. First Name | Middle Name | Last Name | | | Suffix |
| | | | | | |
| Address | City (no abbreviations) | | | State | Zip Code |
| | | | | | |
| 5h. First Name | Middle Name | Last Name | | | Suffix |
| | | | | | |
| Address | City (no abbreviations) | | | State | Zip Code |
| | | | | | |
| 5i. First Name | Middle Name | Last Name | | | Suffix |
| | | | | | |
| Address | City (no abbreviations) | | | State | Zip Code |
| | | | | | |
| 5j. First Name | Middle Name | Last Name | | | Suffix |
| | | | | | |
| Address | City (no abbreviations) | | | State | Zip Code |
| | | | | | |

2/2



# Whois History for Advanceyourhome.com

How does this work?

**Lookup Domain Ownership History**

advanceyourhome.com | LOOKUP

ONE-CLICK MONITORING

Create a Domain Monitor to monitor future changes to "advanceyourhome.com".

Monitor Advanceyourhome.com

Enter a term to filter on

## Unique Records

private

*56 historical records found*

› 2017-03-21

*more* | changes | *screenshot*

**2016** **4 total**

2016-11-06

*more* | changes | *screenshot*

2016-11-03

*more* | changes | *screenshot*

2016-06-20

*more* | changes | *screenshot*

2016-02-19

*more* | changes | *screenshot*

**2015** **2 total**

2015-11-05

*more* | changes | *screenshot*

2015-11-03

*more* | changes | *screenshot*

**2014** **9 total**

2014-11-26

*more* | changes | *screenshot*

2014-09-14

*more* | changes | *screenshot*

2014-09-11

*more* | changes | *screenshot*

2014-09-07

*more* | changes | *screenshot*

2014-08-28

*more* | changes | *screenshot*

2014-08-07

*scroll for more records*

## Whois Record for 2017-03-21

‹ Previous (2016-11-06) Next (2018-03-31) ›

**Domain:**

advanceyourhome.com

**Record Date:** 2017-03-21
**Registrar:** GODADDY.COM, LLC
**Server:** whois.godaddy.com
**Created:** 2015-11-03
**Updated:** 2016-11-04
**Expires:** 2017-11-03

**Reverse Whois:**

abuse@godaddy.com | jasonconnet@gmail.com

```
Domain Name: advanceyourhome.com
Registry Domain ID: 1975032207_DOMAIN_COM-VRSN
Registrar WHOIS Server: whois.godaddy.com
Registrar URL: http://www.godaddy.com
Update Date: 2016-11-04T10:48:14Z
Creation Date: 2015-11-03T20:53:11Z
Registrar Registration Expiration Date: 2017-11-03T20:53:11Z
Registrar: GoDaddy.com, LLC
Registrar IANA ID: 146
Registrar Abuse Contact Email: abuse@godaddy.com
Registrar Abuse Contact Phone: +1.4806242505
Domain Status: clientTransferProhibited http://www.icann.org/epp#clientTransferProhit
Domain Status: clientUpdateProhibited http://www.icann.org/epp#clientUpdateProhibitec
Domain Status: clientRenewProhibited http://www.icann.org/epp#clientRenewProhibited
Domain Status: clientDeleteProhibited http://www.icann.org/epp#clientDeleteProhibitec
Registry Registrant ID: Not Available From Registry
Registrant Name: Dave Wyngaarden
Registrant Organization:
Registrant Street: 4155 e La Palma
Registrant City: anaheim
Registrant State/Province: California
Registrant Postal Code: 92807
Registrant Country: US
Registrant Phone: +1.7147290680
Registrant Phone Ext:
Registrant Fax:
Registrant Fax Ext:
Registrant Email: jasonconnet@gmail.com
Registry Admin ID: Not Available From Registry
Admin Name: Dave Wyngaarden
Admin Organization:
Admin Street: 4155 e La Palma
Admin City: anaheim
Admin State/Province: California
Admin Postal Code: 92807
Admin Country: US
Admin Phone: +1.7147290680
Admin Phone Ext:
Admin Fax:
Admin Fax Ext:
Admin Email: jasonconnet@gmail.com
Registry Tech ID: Not Available From Registry
Tech Name: Dave Wyngaarden
Tech Organization:
Tech Street: 4155 e La Palma
Tech City: anaheim
Tech State/Province: California
Tech Postal Code: 92807
Tech Country: US
Tech Phone: +1.7147290680
Tech Phone Ext:
Tech Fax:
Tech Fax Ext:
Tech Email: jasonconnet@gmail.com
Name Server: NS51.DOMAINCONTROL.COM
Name Server: NS52.DOMAINCONTROL.COM
DNSSEC: unsigned
URL of the ICANN WHOIS Data Problem Reporting System: http://wdprs.internic.net/
```

© 2018 DomainTools

| **State of California**<br>**Secretary of State**<br><br>**Statement of Information**<br>(Domestic Stock and Agricultural Cooperative Corporations)<br>FEES (Filing and Disclosure): $25.00.<br>If this is an amendment, see instructions.<br>**IMPORTANT – READ INSTRUCTIONS BEFORE COMPLETING THIS FORM** | S | **G010749**<br><br>**FILED**<br>In the office of the Secretary of State<br>of the State of California<br><br>**AUG-30 2018** |
| --- | --- | --- |

| 1. **CORPORATE NAME**<br>DMJJ CONSTRUCTION, INC. | |
| --- | --- |

| 2. **CALIFORNIA CORPORATE NUMBER**<br>C3635070 | This Space for Filing Use Only |
| --- | --- |

**No Change Statement** (Not applicable if agent address of record is a P.O. Box address. See instructions.)

3. If there have been any changes to the information contained in the last Statement of Information filed with the California Secretary of State, or no statement of information has been previously filed, this form must be completed in its entirety.

☐ If there has been no change in any of the information contained in the last Statement of Information filed with the California Secretary of State, check the box and proceed **to Item 17.**

**Complete Addresses for the Following** (Do not abbreviate the name of the city. Items 4 and 5 cannot be P.O. Boxes.)

| | | CITY | STATE | ZIP CODE |
| --- | --- | --- | --- | --- |
| 4. STREET ADDRESS OF PRINCIPAL EXECUTIVE OFFICE<br>1230 N. JEFFERSON UNIT J, ANAHEIM, CA 92807 | | | | |
| 5. STREET ADDRESS OF PRINCIPAL BUSINESS OFFICE IN CALIFORNIA, IF ANY<br>1230 N. JEFFERSON UNIT J, ANAHEIM, CA 92807 | | | | |
| 6. MAILING ADDRESS OF CORPORATION, IF DIFFERENT THAN ITEM 4 | | | | |

**Names and Complete Addresses of the Following Officers** (The corporation must list these three officers. A comparable title for the specific officer may be added; however, the preprinted titles on this form must not be altered.)

| | ADDRESS | CITY | STATE | ZIP CODE |
| --- | --- | --- | --- | --- |
| 7. CHIEF EXECUTIVE OFFICER/<br>JASON DOVALINA | 1230 N. JEFFERSON UNIT J, ANAHEIM, CA 92807 | | | |
| 8. SECRETARY<br>JASON DOVALINA | 1230 N. JEFFERSON UNIT J, ANAHEIM, CA 92807 | | | |
| 9. CHIEF FINANCIAL OFFICER/<br>JASON DOVALINA | 1230 N. JEFFERSON UNIT J, ANAHEIM, CA 92807 | | | |

**Names and Complete Addresses of All Directors, Including Directors Who are Also Officers** (The corporation must have at least one director. Attach additional pages, if necessary.)

| | ADDRESS | CITY | STATE | ZIP CODE |
| --- | --- | --- | --- | --- |
| 10. NAME<br>JASON DOVALINA | 1230 N. JEFFERSON UNIT J, ANAHEIM, CA 92807 | | | |
| 11. NAME | ADDRESS | CITY | STATE | ZIP CODE |
| 12. NAME | ADDRESS | CITY | STATE | ZIP CODE |

13. NUMBER OF VACANCIES ON THE BOARD OF DIRECTORS, IF ANY:

**Agent for Service of Process** If the agent is an individual, the agent must reside in California and Item 15 must be completed with a California street address, a P.O. Box address is not acceptable. If the agent is another corporation, the agent must have on file with the California Secretary of State a certificate pursuant to California Corporations Code section 1505 and Item 15 must be left blank.

| 14. NAME OF AGENT FOR SERVICE OF PROCESS<br>RICK R EMMETT | | | |
| --- | --- | --- | --- |

| 15. STREET ADDRESS OF AGENT FOR SERVICE OF PROCESS IN CALIFORNIA, **IF AN INDIVIDUAL** CITY<br>300 S. HARBOR BLVD STE 1000, ANAHEIM, CA 92805 | | STATE | ZIP CODE |
| --- | --- | --- | --- |

**Type of Business**

16. DESCRIBE THE TYPE OF BUSINESS OF THE CORPORATION
HOME IMPROVEMENTS

17. BY SUBMITTING THIS STATEMENT OF INFORMATION TO THE CALIFORNIA SECRETARY OF STATE, THE CORPORATION CERTIFIES THE INFORMATION CONTAINED HEREIN, INCLUDING ANY ATTACHMENTS, IS TRUE AND CORRECT.

| 08/30/2018 | RACHAEL ELGAS | BOOKKEEPER | |
| --- | --- | --- | --- |
| DATE | TYPE/PRINT NAME OF PERSON COMPLETING FORM | TITLE | SIGNATURE |

| SI-200 (REV 01/2013) | **Page 1 of 1** | APPROVED BY SECRETARY OF STATE |
| --- | --- | --- |

# Exhibit E



CONTRACTORS STATE LICENSE BOARD

Contractor's License Detail for License # 993830

DISCLAIMER: A license status check provides information taken from the CSLB license database. Before relying on this information, you should be aware of the following limitations.

CSLB complaint disclosure is restricted by law (B&P 7124.6) If this entity is subject to public complaint disclosure, a link for complaint disclosure will appear below. Click on the link or button to obtain complaint and/or legal action information.
Per B&P 7071.17, only construction related civil judgments reported to the CSLB are disclosed.
Arbitrations are not listed unless the contractor fails to comply with the terms of the arbitration.
Due to workload, there may be relevant information that has not yet been entered onto the Board's license database.

Data current as of 12/26/2018 5:59:49 PM

**Business Information**
D M J J CONSTRUCTION INC
dba ADVANCED HOME ENERGY SOLUTIONS

1230 N JEFFERSON ST UNIT J
ANAHEIM, CA 92807
Business Phone Number:(949) 540-1418

Entity   Corporation
Issue Date   06/19/2014
Expire Date   06/30/2020
**License Status**

| This license is current and active. |
| --- |
| All information below should be reviewed. |

**Additional Status**

| PENDING DISCIPLINARY ACTION |
| --- |

There is Complaint Disclosure information for this license.
**Classifications**

| B - GENERAL BUILDING CONTRACTOR |
| --- |

**Bonding Information**
Contractor's Bond

| This license filed a Contractor's Bond with AMERICAN CONTRACTORS INDEMNITY COMPANY. |
| --- |
| **Bond Number:** 100250144 |
| **Bond Amount:** $15,000 |
| **Effective Date:** 01/01/2016 |
| Contractor's Bond History |

Bond of Qualifying Individual

| The qualifying individual KEVIN MATHIAS SULLIVAN certified that he/she owns 10 percent or more of the voting stock/membership interest of this company; therefore, the Bond of Qualifying Individual is not required. |
| --- |
| **Effective Date:** 02/28/2018 |

**Workers' Compensation**

| This license has workers compensation insurance with the NATIONAL FIRE INSURANCE COMPANY OF HARTFORD |
| --- |
| **Policy Number:** 6025020912 |
| **Effective Date:** 11/08/2018 |
| **Expire Date:** 11/08/2019 |
| Workers' Compensation History |

**Other**

| Personnel listed on this license (current or disassociated) are listed on other licenses. |
| --- |

Home | Online Services | License Detail | Salesperson List

## Contractor's License Detail (Salesperson List)

**Contractor License #** 963830
**Contractor Name** D M J J CONSTRUCTION INC

Click on the person's name to see a more detailed page of information on that person

**Name** LITTLE CHRISTOPHER ROLAND
**Registration #** 94578 SP
**Effective Date**

**Name** DAVIS AUSTON JACOB
**Registration #** 97861 SP
**Effective Date**

**Name** URTEAGA ANDY A
**Registration #** 76550 SP
**Effective Date**

**Name** ESPINOZA GARCIA MICHAEL KENNY
**Registration #** 113729 SP
**Effective Date**

**Name** PEREZ CHRISTINE ANNA
**Registration #** 80793 SP
**Effective Date**

**Name** VILLASENOR DANIEL
**Registration #** 98439 SP
**Effective Date**

**Name** MCCARTHY KATELYN A
**Registration #** 107406 SP
**Effective Date**

**Name** LUMARY CHALMER ODELL
**Registration #** 96388 SP
**Effective Date**

**Name** YERKANYAN POGOS
**Registration #** 96778 SP
**Effective Date**

**Name** PETERS BRIAN L
**Registration #** 110477 SP
**Effective Date**

CSLB Email Login

# Exhibit F

1   Presented to the Court by the foreman of the
    Grand Jury in open Court, in the presence of
2   the Grand Jury and FILED in The U.S.
    DISTRICT COURT at Seattle, Washington.
3
    _January 14_, 20_09_
4                    BRUCE RIFKIN,    Clerk
5   By_____ Deputy

6

7                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
8                          AT SEATTLE

9   UNITED STATES OF AMERICA,          )
                                        )   CR09  0016 TCC
10              Plaintiff,              )
                                        )
11        v.                            )   INDICTMENT
                                        )
12   ALFONSO GUTIERREZ-OROZCO,          )
        a/k/a "Saul,"                   )
13   FERNANDO HERNANDO-SALAZAR,         )
        a/k/a "Tino,"                   )
14   ARTURO GUTIERREZ-MARTINEZ ,        )
        a/k/a "Rafa,"                   )
15   ABEL OROZCO-GUTIERREZ,             )
        a/k/a "Kalvin,"                 )
16   JOEL VASQUEZ-VASQUEZ,              )
     LUIS MIGUEL CAMPOS-ALVARADO,       )
17   SAMUEL VACA-GARCIA,                )
     JESSIE SMITH,                      )
18   TAMMY ZOROTOVICH,                  )
     IGNACIO TORRES, and                )
19   MIGUEL TAPIA-ALONSO,               )
                                        )
20              Defendants.             )
                                        )
21

22

23   The Grand Jury charges that:

24                          COUNT 1
                    (Conspiracy to Distribute Cocaine)
25

26        Beginning at a time unknown, but within the last five years, and continuing until

27   on or about January 13, 2009, in Skagit County, within the Western District of

28   Washington, and elsewhere, ALFONSO GUTIERREZ-OROZCO, FERNANDO

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1  HERNANDEZ-SALAZAR, ARTURO GUTIERREZ-MARTINEZ , ABEL OROZCO-

2  GUTIERREZ, JOEL VASQUEZ-VASQUEZ, LUIS MIGUEL CAMPOS-ALVARADO,

3  SAMUEL VACA-GARCIA, JESSIE SMITH, TAMMY ZOROTOVICH, MIGUEL

4  TAPIA-ALONSO and IGNACIO TORRES, and others known and unknown, knowingly

5  and intentionally did conspire to distribute cocaine, a substance controlled under Schedule

6  II, Title 21, United States Code, Section 812.

7       If is further alleged that the offense involved five hundred grams or more of a

8  mixture or substance containing cocaine.

9       All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B),

10  and 846.

11

12                          **COUNT 2**
                  **(Conspiracy to Distribute Heroin)**

13

14       Beginning at a time unknown, but within the last five years, and continuing until

15  on or about January 13, 2009, in Skagit County, within the Western District of

16  Washington, and elsewhere, ALFONSO GUTIERREZ-OROZCO, FERNANDO

17  HERNANDEZ-SALAZAR, ARTURO GUTIERREZ-MARTINEZ, ABEL OROZCO-

18  GUTIERREZ, JOEL VASQUEZ-VASQUEZ, LUIS MIGUEL CAMPOS-ALVARADO,

19  SAMUEL VACA-GARCIA, JESSIE SMITH, TAMMY ZOROTOVICH, MIGUEL

20  TAPIA-ALONSO and IGNACIO TORRES, and others known and unknown, knowingly

21  and intentionally did conspire to distribute heroin, a substance controlled under Schedule

22  II, Title 21, United States Code, Section 812.

23       It is further alleged that the offense involved one kilogram or more of a mixture or

24  substance containing heroin.

25       All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A),

26  and 846.

27

28

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970



THE UNITED STATES ATTORNEY'S OFFICE

WESTERN DISTRICT *of* WASHINGTON

**ARCHIVE**

SEARCH THE ARCHIVE

[                    ] SEARCH

Home » News » Press Release



NEWS

# SIXTEEN ARRESTED FOR DRUG TRAFFICKING CONSPIRACY IN SKAGIT COUNTY
## Ring Distributed Kilo Quantities Of Cocaine And Heroin

FOR IMMEDIATE RELEASE                                    January 15, 2009

Sixteen people were arrested today following a year long investigation of a drug distribution conspiracy centered in Skagit County, Washington. The drug ring allegedly smuggled five to ten kilos of cocaine per month into the United States from Mexico and distributed it in Skagit County. The ring also allegedly smuggled pound quantities of heroin. Today alone, law enforcement seized five pounds of heroin and two pounds of cocaine when officers searched five residences. Officers also seized $23,000 in cash, seven vehicles and two firearms. Eight of the defendants have been indicted in federal court, and seven people have been detained facing either charges in Skagit County Superior Court, or immigration proceedings. One defendant likely will be processed as a juvenile.

The investigation utilized court approved wire-taps, and confidential informants to infiltrate the drug ring as it recruited people to transport cocaine from Tijuana, Baja, California, Mexico into the United States.

These defendants have been indicted by a federal grand jury and will make their initial appearance today at 2:30 in U.S. District Court in Seattle:

ALFONSO GUTIERREZ-OROZCO, a/k/a "Saul," 25, of Mount Vernon, WA
FERNANDO HERNANDEZ-SALAZAR, a/k/a "Tino," 20, of Mount Vernon, WA
ABEL OROZCO-GUTIERREZ, a/k/a "Kalvin,"34, of Tacoma. WA
JOEL VASQUEZ-VASQUEZ, 21, of Mount Vernon, WA
LUIS MIGUEL CAMPOS-ALVARADO, 18, of Mount Vernon, WA
SAMUEL VACA-GARCIA, 26, Bellingham, WA

These defendants will make their initial appearance in U.S. District Court at 2:30 tomorrow:

JESSIE SMITH, 26, of Sedro Woolley, WA
TAMMY ZOROTOVICH, 39, of Bellingham, WA

The charges in the indictment are punishable by a mandatory minimum ten years in prison up to life in prison.

The charges contained in the indictment are only allegations. A person is presumed innocent unless and until he or she is proven guilty beyond a reasonable doubt in a court of law.

This was an Organized Crime and Drug Enforcement Task Force (OCDETF) investigation, providing supplemental federal funding to the federal and state agencies involved. The case was investigated by the Drug Enforcement Administration (DEA), U.S. Immigration and Justice Enforcement (ICE), the Skagit County Interlocal Drug Enforcement Unit (SCIDEU) which consists of officers from the Washington State Patrol (WSP), Skagit County Sheriff's Office and Anacortes Police Department. These additional agencies assisted with the arrests and searches today: U.S. Customs and Border Protection (CBP), Mount Vernon Police Department, the National Guard, the Bellingham Police Department, and the Northwest Regional Drug Task Force (NWRDTF).

The case is being prosecuted by Assistant United States Attorneys Matthew Diggs and Karyn Johnson and Special Assistant United States Attorney Adam Cornell. Mr. Cornell is a Deputy Snohomish County Prosecutor specially designated to prosecute drug cases in federal court.



**Current Site**
Department of Justice
U.S. Attorneys
Western District of Washington



**Archives**
Department of Justice
U.S. Attorneys
Western District of Washington

# Exhibit G

## Anton@AntonEwing.com

**Subject:** FW: Ewing vs. Dovalina

**From:** tammy@ghiprogram.com [mailto:tammy@ghiprogram.com]
**Sent:** Thursday, September 10, 2020 7:19 PM
**To:** 'Anton' <anton@antonewing.com>
**Subject:** RE: Ewing vs. Dovalina

Will $5,000.00 work for you if so I can get a check in the mail tomorrow and I do apologize again, and you are right that must have been a really crappy telemarketing list cause it has your number under the name of a Robert Stark weird huh, Im sorry once again but believe me we have removed your number and any other numbers of yours again so you will not be bothered by us ever. I hope we can work this out and that you have a great rest of the night. Thanks for your time Tammy

TAMMY ZOROTOVICH
ADMINSTRATION MANAGER
ELITE MARKETING
ADVANCED HOME ENERGY SOLUTIONS
(657) 331-2276
TAMMY@GHIPROGRAM.COM

**From:** Anton <anton@antonewing.com>
**Sent:** Thursday, September 10, 2020 7:09 PM
**To:** tammy@ghiprogram.com
**Subject:** RE: Ewing vs. Dovalina

What is your offer?

Please review the agreement

-------- Original message --------
From: tammy@ghiprogram.com
Date: 9/10/20 6:59 PM (GMT-08:00)
To: anton@antonewing.com
Subject: RE: Ewing vs. Dovalina

Hi Anton, This is Tammy sorry to hear that we contacted you again, well this is no fun I thought you and I decided we would never have to speak to each other again, lol, Im wondering if you are will to settle this one? Please let me know what that number is? On another note how are you surviving this covid situation I hope all is well with you and your wife and family! Please let me know

TAMMY ZOROTOVICH

ADMINSTRATION MANAGER

ELITE MARKETING

1

ADVANCED HOME ENERGY SOLUTIONS

(657) 331-2276

TAMMY@GHIPROGRAM.COM

**From:** Anton A. Ewing <anton@antonewing.com>
**Sent:** Thursday, September 10, 2020 5:45 PM
**To:** jason <jason@ghiprogram.com>
**Cc:** tammy@ghiprogram.com
**Subject:** RE: Ewing vs. Dovalina

-------- Original message --------

From: "Anton A. Ewing" <anton@antonewing.com>

Date: 9/10/20 5:25 PM (GMT-07:00)

To: jason <jason@ghiprogram.com>

Cc: tammy@ghiprogram.com

Subject: RE: Ewing vs. Dovalina

I do not know if what was said on the phone is true, but the initial caller was female, Lisa with Impact Media Group.  Called from 619-393-1764.

What is even more strange is that that number was a number used by a prior telemarketer, Ron Taylor, Jr. who I am currently suing.

After "Lisa" was done with her sales pitch, she had "Elkin" come on the phone.

Elkin said that Steve Slotkin would be coming over soon.

Lisa mention Sparks Ave, which was my old address.  She called me Mr. Ewing.  I never owned Sparks.  I rented for a short time.  The fact that Lisa called me Mr. Ewing, called my cell and stated Sparks Ave, tells me that this is a call from a really crappy telemarketing list.

I am filing suit because this is a great case.  I sued you before, and I am going to sue you again.  This time I am naming you personally.

The contact you signed says the following:

    a.  "DMJJ admits and has independently verified that 619-719-9640 and 619-888-1296 are on the National Do Not Call registry;

    b.  "Mr. Ewing states that he has expressly informed DMJJ to never call him ever again and DMJJ confirms and acknowledges this fact as true and correct"

c. "DMJJ, or its officers, directors, employees or contracted agents will never contact Ewing ever again via email, telephone, robo-call, fax, letter, or any other method or manner of communication except through their counsel. The telephone numbers covered by this agreement are: 619-719-9640, 619-347-0726, 619-888-1296, 858-333-1962 and 619-798-2016."

d. "If DMJJ ever breaches this material provision then Ewing shall have the right to file a lawsuit against DMJJ and DMJJ hereby admits as true all the factual assertions contain herein above"

e. "Further, in any litigation over this above stated breach, DMJJ agrees, stipulates and warrants to fully reimburse Ewing's attorney fees, deposition costs, service of process costs, videographer costs, trial preparation costs, expert witness costs, costs of appeal and court filing fees related to said litigation"

f. "Additionally, if DMJJ ever contacts Ewing as indicated above, DMJJ waives any statute of limitations defense and waives any right to file a motion to dismiss, motion for summary judgment or anti-SLAPP motion in said litigation. This above paragraph controls over all other provisions of this agreement."

g. "Ewing will never have to pay DMJJ's attorney fees or costs."

h. "DMJJ hereby consents and stipulates to an injunction being entered against DMJJ in the Superior Court of California or Federal District Court enjoining it from calling Ewing ever again if it breaches this Agreement in the future."

i. "In any action brought by Ewing to enforce this agreement or any of its terms or conditions, then DMJJ agrees and shall reimburse Ewing for any and all legal fees, court costs, and discovery costs including depositions and video-depositions."

j. "DMJJ covenants, warrants and agrees to never call Anton Ewing ever again at the telephone numbers listed above"

k. "DMJJ will not sell, give, transfer to or provide Anton Ewing's telephone numbers (shown above) to any other person or entity to enable them to telemarket."

Who did you hire to call me today?

Of course…… I do hope you know I was just kidding earlier,

TAMMY ZOROTOVICH

ADMINSTRATION MANAGER

ELITE MARKETING

ADVANCED HOME ENERGY SOLUTIONS

(657) 331-2276

<u>TAMMY@GHIPROGRAM.COM</u>

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS124217
Cashier ID: afuller
Transaction Date: 09/15/2020
Payer Name: Anton A. Ewing Trustee
-----------------------------------
CIVIL FILING FEE
  For: Anton A. Ewing Trustee
  Case/Party: D-CAS-3-20-CV-001820-001
  Amount:          $400.00
-----------------------------------
CHECK
  Check/Money Order Num: 1352
  Amt Tendered:  $400.00
-----------------------------------
Total Due:       $400.00
Total Tendered:  $400.00
Change Amt:      $0.00


There will be a fee of $53.00
charged for any returned check.
```